IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASAD FOOD INDUSTRY,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL GOLDEN FOODS, INC. an Illinois Corporation,<br><br>Defendant. | Case No. 21-cv-06075<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Masad Food Industry ("Masad") filed this action against Defendant International Golden Foods, Inc. ("Golden") alleging that Golden failed to provide full payment for goods delivered by Masad in breach of the parties' contracts. Golden moves for summary judgment on the complaint in its entirety for lack of subject matter jurisdiction. For the reasons stated below, Golden's motion for summary judgment [87] [88] is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id*. After a "properly supported motion for summary judgment is made,

1

the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 250 (quoting Fed. R. Civ. P. 56(e)).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id*.

## BACKGROUND

### I.   Local Rule 56.1 Issues

The Court first addresses Golden's failure to comply with Northern District of Illinois Local Rule 56.1. "Local Rule 56.1 statements serve to streamline the resolution of summary judgment motions by having the parties identify undisputed material facts and cite the supporting evidence." *Laborers' Pension Fund v. Innovation Landscape, Inc.*, No. 15 CV 9580, 2019 WL 6699190, at *1 (N.D. Ill. Dec. 9, 2019). The Seventh Circuit has "consistently upheld district judges' discretion to

2

require strict compliance with Local Rule 56.1." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414 (7th Cir. 2019) (quotation omitted). The Seventh Circuit "allow[s] strict enforcement of the local rule, recognizing that it is not the duty of the district court to scour the record in search of material factual disputes." *Id.* at 415 (quotation omitted).

"Local Rule 56.1 is designed to isolate the material facts and put them before the court in an orderly and concise manner." *Graney v. Hartford Fin. Services, Inc.*, No. 01 C 5869, 2002 WL 31248509, at *2 (N.D. Ill. Oct. 4, 2002). A party moving for summary judgment must file "a statement of material facts that complies with LR 56.1(d) and that attaches the cited evidentiary material." L.R. 56.1(a)(2). "All evidentiary material identified in LR 56.1(a)(2) and LR 56.1(b)(3) citations must be included as numbered exhibits with the statements of fact." L.R. 56.1(d)(3).

Golden fails to attach any evidentiary material to its statement of facts. *See e.g.*, [88]. Instead, Golden cites to exhibits attached to past filings in this case. *See e.g.*, [88] at ¶ 1 (citing [41-1]); *id.* at ¶ 2 (citing [14-1]). Golden's memorandum of law also cites to those past filings instead of Golden's Rule 56.1 statement of facts, in violation of Rule 56.1(g). *See e.g.*, [87]. In some cases, facts addressed in Golden's memorandum of law conflict with the stated facts in Golden's Rule 56.1 statement of facts. *Compare* [87] at 3 (stating Golden owes $320.80 for invoice 006-Golden 2017 and $220.00 for invoice 004-Golden-2017) *with* [88] at ¶¶ 3-4 (stating Golden made payments "in satisfaction" of those invoices). In other cases, Golden's stated facts are not supported by the evidentiary record. For example, Golden states that invoice 14-

3

Golden-2018 charged a total of $33,400. [87] at 3. However, the copy of invoice 14-Golden-2018 provided with the Amended Complaint[1] shows that the invoice is for a total of $43,400. [20] at 17.

It is not the Court's job to sift through the record to determine whether there is sufficient evidence to support a party's claim or defense as a matter of law. *Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006). Rather, it is "[a]n advocate's job [ ] to make it easy for the court to rule in his client's favor." *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 613 (7th Cir. 2006).

## II.    The Parties' Dispute

Plaintiff Masad is a Jordanian company with its principal place of business in Mafraq, Jordan. [20] at ¶ 4. Defendant Golden is an Illinois corporation which operates a facility in Bensenville, Illinois. *Id.* at ¶¶ 6-7. Masad alleges that it delivered certain goods to Golden, for which Golden failed to provide complete payment. *Id.* at ¶¶ 8-9. Masad alleges that Golden has failed to pay $105,611 for the delivered goods. *Id.* at ¶¶ 9, 23. Golden alleges that its outstanding balance is only $38,425.80 and moves for summary judgment on the basis that this Court lacks subject matter jurisdiction over this diversity action because the amount in controversy is less than $75,000. [87] at 3-4.

The parties agree that Golden has provided partial payment for some of the balance Golden owes to Masad. [20] at ¶ 28; *id.* at Ex. B; [87] at 3; [92] at ¶¶ 1-9.

---

[1] Golden's past filings in this case, which Golden cites to as evidence for its Rule 56.1 statement of facts, do not contain a legible copy of invoice 14-Golden-2018. Those documents do contain completely illegible copies of multiple invoices. *See e.g.*, [14-1] at 48, 51; [41-1] at 36, 39. Therefore, the Court refers to the copy of invoice 14-Golden-2018 attached to Masad's First Amended Complaint [20].

4

However, the parties disagree whether certain payments made by Golden to other entities or individuals, and not specifically to Masad Food Industry, should be credited to Golden's account for the goods at issue. *Compare* [88] at ¶ 9 *with* [92] at ¶ 9.

Specifically, Golden asserts that it paid Masad $60,800 in satisfaction of invoice 009-Golden-2018. [88] at ¶ 9. Golden cites to a series of wire transfer confirmations and a copy of a check as evidence of its assertion. *Id.*; [41-1] at 20-25. Masad concedes that Golden paid $20,000 toward invoice 009-Golden-2018 and Masad has credited that amount to Golden's account, but Masad disputes that Golden paid the remaining $40,800. [92] at ¶ 9. Golden's cited evidence establishes a $20,000 wire transfer to Hisham Masad on August 23, 2018; an $18,800 wire transfer to Masad Trading LLC on September 11, 2018; and a $2,000 check to Hisham Masad dated July 2, 2018. [41-1] at 21, 24, 25. Masad asserts that these payments were "addressed to third parties" and "were not related to Plaintiff's sale of goods to the Defendant." [91] at 3; [92] at ¶ 9.

## ANALYSIS

Golden argues that the amount of controversy in this action is less than $75,000, therefore this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Federal courts apply the "legal certainty" test to determine whether there is more than $75,000 in controversy. *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). The court has jurisdiction "unless an award for the jurisdictional minimum would be

5

legally impossible." *Id.* (citing *Webb v. FINRA*, 889 F.3d 853, 859 & n.4 (7th Cir. 2018)). The court assesses whether, as of the date the case is filed, the plaintiff could allege in good faith that over $75,000 was at stake. *Id.* at 206. The court may consider the full record, including the pleadings and any attachments, as well as any evidence produced in discovery. *Id.* (citations omitted).

Masad alleges that Golden has failed to pay $105,611 and seeks that amount in damages. [20] at 5; *id.* at Ex. B. Golden concedes that $38,425.80 is in controversy between the parties. [87] at 3, 5. At least $40,800 is additionally in dispute, as the parties disagree whether payments for that amount, made to Masad Trading LLC and Hisham Masad individually, should be credited to Golden's account for the goods at issue in this lawsuit. *Compare* [88] at ¶ 9 *with* [92] at ¶ 9. The nature of those payments, and whether Golden should receive credit for them, are genuine issues of material fact for a trier of fact to decide.

Therefore, the amount in controversy which Masad alleged in good faith at the commencement of the suit is sufficient to establish subject matter jurisdiction. *See Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997) ("It is well established that the requirements for diversity jurisdiction must be satisfied only at the time a suit is filed."). Even if Masad is ultimately unable to prevail on the merits or ultimately recovers damages less than $75,000, subsequent events reducing the total amount in controversy will not divest the court of diversity jurisdiction. *Id.* at 1116-17.

## CONCLUSION

6

For the stated reasons, Defendant's motion for summary judgment [87] [88] is denied.

E N T E R:

Dated: September 26, 2024

_____
MARY M. ROWLAND
United States District Judge