IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASAD FOOD INDUSTRY, | Case No. 21-cv-06075 |
| Plaintiff, | Judge Mary M. Rowland |
| v. | |
| INTERNATIONAL GOLDEN FOODS, INC., an Illinois Corporation, | |
| Defendant | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Masad Food Industry ("MFI") sued Defendant International Golden Foods ("IGF"), bringing claims for breach of contract and account stated. Following a bench trial and post-trial briefing, the Court entered judgment in MFI's favor on the breach of contract claim. [131]. Before the Court now is MFI's motion for an award of prejudgment interest in the amount of $12,309.74. For the reasons stated herein, MFI's motion [132] is granted.

**Analysis**[1]

MFI moves for an award of interest pursuant to the Illinois Interest Act, 815 ILCS 205/2 (the "Act"). The Act provides in its entirety:

> Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and

---

[1] The Court assumes familiarity with the facts of the case.

1

> ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

IGF appears to make three arguments against an award of prejudgment interest. IGF argues (1) that the amount owed did not come due on an "instrument of writing" as contemplated by the Act, (2) that MFI did not provide 30 days' written notice and thus cannot collect prejudgment interest, and (3) that prejudgment interest cannot be awarded because IGF did not act vexatiously or unreasonably in delaying payment. *See generally* [142].[2] The Court takes each argument in turn.

First, the Court holds that the amount owed came due on an instrument of writing. IGF argued at trial and in its post-trial briefing that no valid contracts existed between the parties because IGF never signed a written contract or purchase order. The Court found as a matter of law that even though no *written* contract existed, MFI and IGF nonetheless entered into contracts for the sale of goods pursuant to 810 ILCS 5/2-201(3)(c), which provides an exception to Illinois's statute of frauds where the buyer receives and accepts goods without objection. MFI thus cannot rely on a written contract to satisfy the Act's "instrument of writing" requirement because the Court found that no written contracts existed. However, "Illinois courts have recognized invoices as 'instruments of writing' within the meaning of the statute." *Sherwin-Williams Co. v. Mark Charcoal Co.*, No. 80 C 4541,

---

[2] IGF argues only that MFI is not entitled to an award of prejudgment interest. It does not argue that MFI's calculation of prejudgment interest is incorrect.

2

1985 WL 3932, at *6 (N.D. Ill. Nov. 15, 1985) (collecting cases). The amounts disputed at trial came due upon the issuance of the disputed invoices, and that is sufficient to satisfy the Act's requirement. *See also Residential Mktg. Grp., Inc. v. Granite Inv. Grp.*, 933 F.2d 546, 550 (7th Cir. 1991) ("Prejudgment interest is necessary to compensate the victim of a breach of contract . . . there is no reason why the Illinois statute should be given a grudging interpretation, and the Illinois courts do not give it a grudging interpretation.").

Next, whether MFI provided 30 days' notice as contemplated by the Act is irrelevant. By its own terms, the Act only requires 30 days' written notice for an "*assignee or agent* of the creditor [to] charge and collect interest." 815 ILCS 205/2. Here, MFI is not an assignee or agent of any creditor and thus need not have provided 30 days' written notice. *See also Charles D. Atwater Assocs. Inc. v. N. States Steel Corp.*, 2023 WL 6008029, at *15 (Ill. App. Ct. 2023) (reversing trial court's denial of prejudgment interest for failure to provide 30 days' notice where party seeking interest was a creditor rather than assignee or agent of the creditor).

Finally, IGF's focus on whether its payment was unreasonably or vexatiously delayed is likewise irrelevant. The Act provides that prejudgment interest should be awarded on "all moneys after they become due on . . . [an] instrument of writing . . . *and on* money withheld by unreasonable and vexatious delay of payment. 815 ILCS 205/2. The Act thus provides two *separate ways* in which a debtor may be entitled to prejudgment interest: either on money due on an instrument of writing *or* on payments unreasonably and vexatiously delayed. *See Chandra v. Chandra*, 53 N.E.3d

3

186, 209 (Ill. App. Ct. 2016) (distinguishing between prejudgment interest awarded based an instrument in writing and an award based on unreasonable and vexatious delay). Here, the money owed became due on instruments of writing—here, invoices—so the Court need not consider whether payment was unreasonably or vexatiously delayed.

## Conclusion

For the reasons stated herein, MFI's motion [132] for an award of prejudgment interest in the amount of $12,309.74 is granted.

E N T E R:

Dated: October 23, 2025

*Mary M Rowland*
_____